UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

ERNESTO JUAREZ SANCHEZ,

     Petitioner,

v.

MARCELLO VILLEGAS, Warden,
Bluebonnet Detention Center,

     Respondent.

No. 1:25-CV-291-H

## **ORDER**

The Fifth Circuit held recently that aliens who are present in the United States without previously being admitted by immigration authorities—also known as "applicants for admission"—must be detained under the INA. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *see* 8 U.S.C. § 1225(b)(2)(A). Ernesto Juarez Sanchez, a native and citizen of Mexico, is one such alien, having illegally entered the United States over 25 years ago. His habeas petition, filed before the Fifth Circuit's decision in *Buenrostro-Mendez*, demands either his immediate release or a bond hearing based on the text of the INA and the Fifth Amendment's Due Process Clause. Dkt. No. 1.

In light of *Buenrostro-Mendez*, Juarez Sanchez's due process claim is the only remaining non-foreclosed issue. But neither the substantive nor procedural veins of due process afford alien petitioners a bond hearing. Due process is a contextual concept, and in the context of alien removal, it is a limited one. Congress determined that aliens like Juarez Sanchez are not entitled to bond, but they are permitted to remain in U.S. custody and fight to remain here. That is more than sufficient process so far as the Due Process Clause is concerned. Therefore, the petition (Dkt. No. 1) is denied.

1.      **Background**

Over 25 years ago, Juarez Sanchez illegally entered the United States near Laredo, Texas.  Dkt. No. 9 at 5.  Decades later, in December 2025, he was detained by ICE and is currently being held without bond at the Bluebonnet Detention Center.  Dkt. Nos. 1 at 5; 9 at 8.  Juarez Sanchez also received a Notice to Appear charging him with removability as "an alien present in the United States without being admitted or paroled."  Dkt. No. 9 at 5; *see* 8 U.S.C. § 1182(a)(6)(A)(i).  He refused to sign the NTA.[1]  Dkt. No. 9 at 6.

An immigration judge denied Juarez Sanchez's request for bond, citing a lack of jurisdiction.  Dkt. No. 10 at 2.  That conclusion stemmed from the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, which holds that aliens present in the United States without admission must be detained without bond under Section 1225(b)(2)(A) of the INA for the duration of their removal proceedings.  29 I. & N. Dec. 216, 220 (BIA 2025).[2]

Because no immigration judge will grant bond, Juarez Sanchez seeks a writ of habeas corpus.  Dkt. No. 1.  The petition is thin on facts and legal reasoning.  Juarez Sanchez states that he "has not appeared before a magistrate [judge] for a bond hearing or any other matter."  *Id.* at 5.  Considering the petitioner's reply (*see* Dkt. No. 10 at 2–7), the Court construes this statement as a statutory challenge to his mandatory detention without bond under 8 U.S.C. § 1225(b)(2)(A).  Juarez Sanchez also asserts without elaboration that

---

[1] Juarez Sanchez asserts that he "has not received a Notice to Appear or any kind of charging document" and "has not been charged."  Dkt. No. 1 at 2–3.  That is false.

[2] On February 18, 2026, the Central District of California purported to vacate *Yajure Hurtado*. *Maldonado Bautista v. Santacruz*, ___ F. Supp. 3d ___, No. 5:25-CV-1873, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026).  But as the Court explained in *Calderon Lopez v. Lyons*, the Central District lacks authority to enter such relief.  ___ F. Supp. 3d ___, No. 1:25-CV-226, 2025 WL 3683918, at *10–14 (N.D. Tex. Dec. 19, 2025).  *Yajure Hurtado* binds immigration judges, meaning it would be "an exercise in futility" to seek a bond hearing.  *Garner v. U.S. Dep't of Lab.*, 221 F.3d 822, 825 (5th Cir. 2000).  Thus, Petitioner's petition does not present an exhaustion problem.  *Id.*

his detention violates the Fifth Amendment's Due Process Clause.  Dkt. No. 1 at 5.  In his reply, Juarez Sanchez clarifies that this claim sounds in procedural due process.[3]  Dkt. No. 10 at 7–10.

After Juarez Sanchez filed his petition, the Fifth Circuit issued its decision in *Buenrostro-Mendez*, which agreed with *Yajure Hurtado* and upheld the government's mandatory-detention policy under Section 1225.  *See* 166 F.4th at 498.  The Court turned to the plain language of Section 1225, which provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for a proceeding under section 1229a of this title."  8 U.S.C. § 1225(b)(2)(A) (emphasis added).  The Court found "no material disjunction" between the phrases "applicant for admission" and "seeking admission," and thus concluded that all applicants for admission fall within Section 1225(b)(2)(A)'s grasp.  *Buenrostro-Mendez*, 166 F.4th at 502 (quoting *Garibay-Robledo v. Noem*, ___ F. Supp. 3d ___, No. 1:25-CV-177, 2026 WL 81679, at *5 (N.D. Tex. Jan. 9, 2026)).

**2.      Legal Standard**

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2).  With 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including in immigration-detention cases.  *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).  Habeas exists solely to "grant relief from unlawful imprisonment

---

[3] Typically, the Court does not consider arguments first raised in a reply.  *Robles v. Eminent Med. Ctr., LLC*, 619 F. Supp. 3d 609, 626 (N.D. Tex. 2022).  But given that both the Fifth Circuit and this Court have addressed the issues here, the Court will proceed to the merits.

or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

### 3.    Analysis

As noted above, Juarez Sanchez raises two claims in his habeas petition—one involving Sections 1225 and 1226 of the INA, and another based on the Fifth Amendment's Due Process Clause. *See* Dkt. No. 1 at 5. *Buenrostro-Mendez* forecloses Juarez Sanchez's statutory claim. Thus, the only claim left for consideration is Juarez Sanchez's due process claim. The Court has repeatedly rejected identical due process arguments.[4] Nevertheless, the Court considers the arguments raised in Juarez Sanchez's briefing to address whether bond-less detention violates the Constitution. The answer is no.

#### A.    *Buenrostro-Mendez* forecloses Juarez Sanchez's INA claim.

Juarez Sanchez is an "applicant for admission" under the INA's mandatory-detention provision. Section 1225 broadly defines "applicant for admission" as "[a]n alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). Juarez Sanchez is an "alien." He is "present in the United States." And he "has not been admitted" because he did not "lawful[ly] ent[er] [the

---

[4] *See, e.g.*, *Higareda-Cano v. Noem*, No. 1:25-CV-225, 2026 WL 274495 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418 (N.D. Tex. Jan. 15, 2026); *Garibay-Robledo v. Noem*, __ F. Supp. 3d __, No. 1:25-CV-177, 2026 WL 81679 (N.D. Tex. Jan. 9, 2026); *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Montelongo Zuniga v. Lyons*, ___ F. Supp. 3d ___, No. 1:25-CV-221, 2025 WL 3755126 (N.D. Tex. Dec. 29, 2025).

country] after inspection and authorization by an immigration officer."  *Id.* § 1101(a)(13)(A)

(defining "admission" and "admitted").  As an applicant for admission, binding Fifth

Circuit precedent requires that he be detained without bond under Section 1225(b)(2)(A).

*See Buenrostro-Mendez*, 166 F.4th at 498.  Thus, Juarez Sanchez's INA claim fails.[5]

**B.    The Due Process Clause does not require the government to give Juarez Sanchez a bond hearing.**

Next is Juarez Sanchez's claim that the government's refusal to provide a bond

hearing violates procedural due process.  Dkt. Nos. 1 at 5; 10 at 7–10.  He seeks relief

relying on the three-factor balancing test from *Mathews v. Eldridge*, 424 U.S. 319 (1976).  *See*

Dkt. No. 10 at 8.  The *Mathews* test, while common, is not the only tool for resolving

procedural due process challenges.  The Supreme Court said as much: "[W]e have never

viewed *Mathews* as announcing an all-embracing test for deciding due process claims."

*Dusenbery v. United States*, 534 U.S. 161, 168 (2002).  In fact, the "Supreme Court when

confronted with constitutional challenges to immigration detention has not resolved them

through express application of *Mathews*."  *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206

(9th Cir. 2022).

The application of *Mathews* to Section 1226 cases is "unwarranted on the test's own

terms."  *Ladak v. Noem*, ___ F. Supp. 3d ___, No. 1:25-CV-194, 2025 WL 3764016, at *7

(N.D. Tex. Dec. 30, 2025).  The Supreme Court applied *Mathews* in *Landon v. Plasencia*,

emphasizing that its balancing test was appropriate for "long-time lawful permanent

resident[s]" in contrast to "detentions of aliens at the border or returning lawful permanent

residents who had spent time abroad."  *Id.* (citing 459 U.S. 21, 32–34 (1982)).  Aliens in the

---

[5] Even if this Court were not bound by *Buenrostro-Mendez*, it would have reached the same result for the reasons discussed in its numerous prior decisions on this issue.  *Supra*, n.4.

former category have "gain[ed] admission to our country and [have begun] to develop the ties that go with permanent residence," meriting a level of due process more analogous to that of a citizen. *Landon*, 459 U.S. at 32. In the latter category, aliens "request[] a privilege and [have] no constitutional rights." *Id.*; *DHS v. Thuraissigiam*, 591 U.S. 103, 138–39 (2020) ("Whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned.") (quotation omitted)). Critically, aliens who are released into the United States pending removal are "treated for due process purposes as if stopped at the border." *Thuraissigiam*, 591 U.S. at 139.

As an "applicant for admission," Juarez Sanchez has "only those rights regarding admission that Congress has provided by statute." *Id.* at 140; *Landon*, 459 U.S. at 32. With Section 1225, Congress set the procedural rights afforded to aliens who are present in the United States without admission. "Read most naturally," Section 1225(b)(2)(A) "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). No part of the statute "says anything whatsoever about bond hearings." *Id.* Accordingly, Juarez Sanchez is not entitled to a bond hearing as a matter of procedural due process.

### 4.    Conclusion

In short, Juarez Sanchez, as an "applicant for admission," is properly detained without bond under Section 1225(b)(2)(A). *Buenrostro-Mendez*, 166 F.4th at 498. And the Due Process Clause does not require a bond hearing in these circumstances. Thus, the petition for a writ of habeas corpus (Dkt. No. 1) is denied.

– 7 –

So ordered on March 10, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE